**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4403**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON ALLEN RHULE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:24-cr-00157-1)

Submitted: May 20, 2026 Decided: August 10, 2026

Before GREGORY, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wesley P. Page, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Moore Capito, United States Attorney, Lesley Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Allen Rhule pled guilty to possessing a firearm as a felon in in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 77 months' imprisonment. He appeals his sentence, arguing that the district court erred by denying him a reduction in his offense level for acceptance of responsibility. We affirm.

After Rhule pled guilty, but before sentencing, a search of his jail cell revealed pills and a folded piece of paper containing a powdery substance that tested positive for cocaine in two field tests. The items were found close together under Rhule's sleeping mat. Rhule admitted that some of the pills belonged to him and were given to him by medical staff. He denied that the remainder of the pills and the substance in the paper belonged to him. During sentencing, the Government presented evidence about Rhule's alleged possession of contraband. The district court found by a preponderance of the evidence that Rhule possessed cocaine while detained at the jail and denied him a reduction for acceptance of responsibility.

We review a district court's decision to deny a reduction for acceptance of responsibility for clear error. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "We must give 'great deference' to the district court's decision because '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" *Id.* (quoting U.S.S.G § 3E1.1 cmt. n.5).

The United States Sentencing Guidelines "allow a district court to reduce the defendant's offense level by two if 'the defendant clearly demonstrates acceptance of responsibility for his offense.'" *Id.* (quoting U.S.S.G. § 3E1.1(a)). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted).

"To determine whether a defendant has accepted responsibility, the sentencing judge must weigh the totality of the circumstances." *United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018). "A guilty plea may be evidence of acceptance, but it does not, standing alone, entitle a defendant to a reduction as a matter of right." *Dugger*, 485 F.3d at 239 (internal quotation marks omitted). The acceptance-of-responsibility decision "often depends on the actions of the defendant following his . . . arrest or plea." *Id.* at 240. Commentary in the Sentencing Guidelines provides district courts with a nonexclusive list of factors to consider when evaluating whether a defendant has clearly demonstrated acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.1 (2024). Pertinent here, "appropriate considerations include" the defendant's "voluntary termination or withdrawal from criminal conduct." *Id.* § 3E1.1 cmt. n.1(B).

The district court did not clearly err by denying Rhule a reduction for acceptance of responsibility. The court heard testimony that while Rhule was detained at the jail, a powdery substance that twice field tested positive for cocaine was found under his mat near pills that he admitted belonged to him. The court found by a preponderance of the evidence that Rhule possessed cocaine while detained at the jail, and it concluded that he "should

not receive acceptance of responsibility" because he "engaged in further criminal conduct." J.A. 168.

"We have upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after apprehension, indictment, or [a] guilty plea." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (affirming the district court's denial of the reduction where defendant "resumed distributing drugs" "after his first arrest" and distributed cocaine and marijuana "while under indictment and on bond"); *see, e.g.*, *Dugger*, 485 F.3d at 240 (holding that the district court did not clearly err by denying defendant the reduction where defendant "chose to deal drugs while incarcerated"); *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993) (affirming the district court's denial of the reduction where defendant continued to use and distribute cocaine after his indictment and plea agreement); *United States v. Bowe*, No. 22-4549, 2023 WL 4075161, at *2 (4th Cir. June 20, 2023) (holding that "the district court did not commit procedural sentencing error in determining that [defendant] did not deserve [the] reduction" where "after his guilty plea, [defendant] participated in a violent fight while incarcerated in a jail"); *United States v. Longus*, No. 24-4309, 2026 WL 1362449, at *5 (4th Cir. May 15, 2026) (holding that because defendant "conspired to smuggle a controlled substance into the jail while he was awaiting sentence, it was well within the district court's discretion to conclude that [defendant] had not accepted responsibility and was not entitled to [the reduction]").

Rhule argues that the district court erred by applying a bright-line rule that he should not get a reduction for acceptance of responsibility because he engaged in criminal conduct while in the jail. We disagree. During sentencing, the court stated that it considered the

factor listed in Application Note 1(B) of Guidelines Section 3E1.1—"voluntary termination or withdrawal from criminal conduct or associations"—"probably *most pertinent* to [the] proceedings today." J.A. 102 (emphasis added). Rhule does not identify any relevant "appropriate consideration," U.S.S.G. § 3E1.1 cmt. n.1, that the district court failed to consider. Similarly, although he notes that the court was required to base its decision "on all the facts and circumstances of Rhule's case," Opening Br. 23, he does not identify any pertinent fact or circumstance that the court failed to consider.

We conclude that the district court did not clearly err in denying Rhule a reduction for acceptance of responsibility and so affirm the sentence imposed by the court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*